UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD RONWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1536 CDP |
| ) | |
| AMEREN CORP., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Plaintiff Edward Ronwin is a partner in a partnership that owns land at the Lake of the Ozarks. He brings this action pro se. He alleges that he wants to sell the property to a developer, but cannot do so because defendants have denied his requests for permits for a dock and for dredging. His three-count complaint seeks damages for intentional and unlawful interference with business relations under state law, declaratory judgment that a permit granted to the partnership, ARKIANA, in the 1980s is grandfathered, and a declaration that certain Federal Energy Regulatory Commission regulations are invalid.

Some of the defendants have moved to dismiss his complaint on various grounds. The complaint has numerous problems, but I will dismiss it on the simple ground that Ronwin lacks standing to bring the suit. He is the only named plaintiff, although he admits that the property is owned by a partnership,

ARKIANA.  Because the complaint does not join the other ARKIANA partners and because it does not name ARKIANA as a plaintiff for any asserted federal claim, I will dismiss the case without prejudice.

## Discussion

Standing is "a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007).  To establish standing, Ronwin must demonstrate that (1) he has suffered an injury or invasion of a legally protected interest, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a decision in his favor.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).   Once the issue of standing is raised, Ronwin bears the burden of establishing that he has standing to bring this suit.  Mineta, 495 F.3d at 569.

The property at issue in the complaint belongs to ARKIANA, not Ronwin.  Therefore, any injury sustained in this matter was sustained by ARKIANA.  Although Ronwin has an interest in ARKIANA, that interest alone does not entitle him to bring this suit in his name.  Under the federal rules, the capacity of a partnership to sue in this Court is determined by the laws of the state of Missouri, except that a partnership may sue under its common name to enforce federal

rights. Fed. R. Civ. P. 17(b). Although Ronwin asserts that Count III alleges a federal claim, the complaint does not name ARKIANA as a plaintiff.

Under Missouri law, "a partner may not sue in his own name on a cause of action accruing to the partnership." Hartong v. Blue Valley Federal Savings & Loan Assoc., 767 F. Supp. 1017, 1019 (W.D. Mo. 1990) (citing Wittels v. Dubinsky, 343 S.W.2d 644, 645 (Mo. Ct. App. 1961). In a partnership, all of the partners have a joint right against a defendant; therefore, all of the partners are necessary parties-plaintiffs in an action to enforce the rights due to the partnership. McClain v. Buechner, 776 S.W.2d 481, 483 (Mo. Ct. App. 1989). Without the joinder of the other partners,[1] Ronwin does not have standing to sue under Missouri law. Sarasohn & Co., Inc. v. Prestige Hotels Corp., 945 S.W.2d 13, 16 (Mo. Ct. App. 1997).

Ronwin relies, in part, on Ariko v. Cedar Point Investment Corp., 527 F. Supp. 602 (E.D. Mo. 1981) for the proposition that a case may proceed when not all of the partners are joined. This issue was not raised by any party in that case, and it is unclear whether all of the partners in the partnerships were joined in that case. Regardless, Missouri law is clear that all partners are necessary parties to

---

[1] Ronwin's response indicates that these partners are Richard R. Maes and Carol Louis Maes.

the lawsuit.

Ronwin argues that he had standing to sue as the "administrator" of ARKIANA, because he has always managed the affairs of the partnership. Ronwin is correct that the Missouri Supreme Court rules allow administrators to sue "in their own name in such representative capacity without joining the party for whose benefit the action is brought." Missouri Supreme Court Rule 52.01. But the term "administrator" in the context of the Missouri Rules has a specific legal meaning: "A person appointed by the court to manage the assets and liabilities of an intestate decedent." Black's Law Dictionary 46 (7th ed. 1999). Indeed, the cross-reference in the annotated version of the Missouri Rules refers to Mo. Rev. Stat. § 473.273, the section dealing with actions instituted by or against decedents. Reading Rule 52.01 as suggested by Ronwin would completely eviscerate the Missouri requirement that all partners must be joined as plaintiffs in any action to enforce partnership rights.

Finally, Ronwin's response indicates that he is willing to add ARKIANA as a party. This is insufficient to save this suit from dismissal. "[A] memorandum of law is not a proper vehicle for rewriting or amending the complaint." Anderson v. Aset Corp., 329 F. Supp. 2d 380, 383 (W.D.N.Y. 2004). While I am generally more lenient with pro se parties and might view Ronwin's memorandum as a

motion to amend, I would not allow amendment in this case. Even if Ronwin had named ARKIANA as a plaintiff for the asserted federal claim in Count III, I would dismiss this suit. A partnership cannot proceed pro se in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 201 n. 4 (1993); see also Tinker & Chance v. Zowie Intertainment, Inc., 15 Fed. Appx. 827, 828 (Fed. Cir. 2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney."). Although Ronwin might be an attorney in some jurisdiction, no evidence has been presented that he is currently licensed in any state.[2]

Ronwin has now filed a sur-reply without leave of Court. Defendants seek to strike the sur-reply for a number of reasons, including the fact that Ronwin did not seek leave to file it. Under the local rules, Ronwin needed leave to file the sur-reply. He should have filed a motion for leave along with a copy of the proposed sur-reply for my consideration. While Ronwin is pursuing this case pro se, he is still required to abide by the Federal Rules of Civil Procedure and the Local Rules of this court.

---

[2] Because Ronwin had indicated to court personnel during a telephone call that he was an attorney, I searched the attorney databases for Colorado, Missouri, and Iowa. Ronwin does not appear to be an attorney in good standing in any of these jurisdictions. In fact, an Eighth Circuit decision indicates that Ronwin's admission to practice before that court was revoked when his license to practice in Iowa was revoked. See In re Ronwin, 163 F.3d 602 (table case), 1998 WL 518725 (8th Cir. 1998).

I have read Ronwin's sur-reply and do not find it persuasive. In it he raises a number of new arguments that could have been raised in his response. One of these arguments is that the Maeses have informed him that they would be willing to give up their interest in ARKIANA by quit claim deed in return for adequate consideration. Unless and until the Maeses' interest has actually been transferred to Ronwin, he cannot sue on behalf of the partnership.

I will not dismiss this case with prejudice. As a result, Ronwin has a number of options. First, he can re-file this suit with Richard and Carol Maes as additional named plaintiffs. Ronwin may represent himself and the Maes may each act pro se, but Ronwin may not represent the Maes, unless Ronwin establishes that he is a licensed attorney in good standing with some state. Even then he would be required to seek admission to this court either generally or pro hac vice. Additionally, ARKIANA could file a new suit alleging its federal claims, but it would be required to be represented by a licensed attorney.[3]

Accordingly,

---

[3] I do not mean to suggest that ARKIANA has any valid federal claims. The complaint is confusing at best; in his briefs responding to the motion to dismiss Ronwin argues that he is not asserting a claim under 42 U.S.C. § 1983, but instead is claiming that the FERC regulations are arbitrary and capricious. If this is the claim, it is not at all clear that he has sued any defendants who would be proper parties to such a claim. Additionally, he has not explained any coherent theory that would support his claim for an award of money damages based on the FERC regulations.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#18] for lack of standing is granted, and the case is dismissed without prejudice.

**IT IS FURTHER ORDERED** that all other motions are denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2007.