UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD RONWIN,                )
                             )
            Plaintiff,        )
                             )
    vs.                       )        Case No. 4:07CV1536 CDP
                             )
AMEREN CORP., et al.,         )
                             )
            Defendants.       )

## MEMORANDUM AND ORDER

Plaintiff Edward Ronwin owns land at the Lake of the Ozarks. He brings

this action pro se. He alleges that he wants to sell the property to a developer, but

cannot do so because defendants have told prospective developers that no permit

for a dock and for dredging would be issued. His three-count complaint seeks

damages for intentional and unlawful interference with business relations under

state law, declaratory judgment that a permit granted to a partnership now wholly

owned by Ronwin, ARKIANA, in the 1980s is grandfathered, and a declaration

that certain Federal Energy Regulatory Commission regulations are invalid.

Defendants Gregory Stoner and Ameren Corporation have moved to dismiss

the complaint for failure to state a claim against them, and defendants Ameren

Corporation, Union Electric Company, Jeffery Green, and Bryan Vance have

moved to dismiss Count III for failure to state a claim. The complaint has

numerous problems.  I will grant Stoner's motion because Ronwin has failed to

allege facts that would entitle him to relief against Stoner.  Although I agree that

Ronwin has failed to plead facts that would allow him to "pierce the corporate

veil" between Ameren Corporation and UE, I will deny the motion to dismiss

Ameren because Ronwin has alleged that Green and Vance were Ameren

Corporation's employees, and I must accept this fact as true for the purposes of a

motion to dismiss.  Finally, I will dismiss Court III because it fails to state a claim

against these defendants.

## Background

Plaintiff Edward Ronwin is the owner of ARKIANA, a former general

partnership, and through ARKIANA, Ronwin owns property on the Lake of the

Ozarks.  According to Ronwin, sometime in the 1980s or early 1990s, the U.S.

Army Corps of Engineers granted a permit to ARKIANA to place two boat docks

in the lake adjacent to the property.  The Corps also permitted ARKIANA to

dredge the lake sufficiently to allow the water depth around the docks to be six to

six and one-half feet.  ARKIANA did not place the two docks, but instead allowed

the property to remain in its "natural, virgin state having vegetation only."

The lake is part of a hydro-power project on the Osage River that is owned

by defendant Union Electric Company, d/b/a AmerenUE, under a license from the

Federal Energy Regulatory Commission. Under this license, UE is to allow certain uses of the lake for the benefit of the public. UE has established a program requiring owners of docks extending into the lake to obtain permits for the docks and to pay user fees.

During the last several years, Ronwin has been actively attempting to sell the lake property but has been unable to do so. Sometime in 2006, Ronwin contacted defendant William Jeffery Green to inquire about dock permits and was told that he could not have a dock permit.[1] Ronwin alleges that Green was an employee of Ameren Corporation and/or an employee of UE. Sometime in the past couple years, Ronwin discussed the property with a potential purchaser. Ronwin alleges that this potential purchaser was informed by defendant Bryan Vance, another alleged employee of Ameren Corporation and/or UE, that the purchaser could not get a dredging permit for the property. The potential purchaser also visited the property with Vance and Stoner, an employee of the Missouri Department of Conservation. Ronwin alleges that while at the property Stoner told the prospective purchaser that he "was against all excavations of the lake." After the visit to the property the prospective purchaser told Ronwin that he

---

[1]Ronwin's briefs have made it clear that he has not applied for a dock or dredging permit. Apparently, the only permit application relating to the property was granted in the 1980s or early 1990s.

would not buy the property. According to Ronwin, the prospective purchaser did not believe he would be able to get a boat dock permit for 10-12 slips or a suitable dredging permit.

## Discussion

The defendants have moved to dismiss Ronwin's claims against them for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. The purpose of such a motion is to test the legal sufficiency of the complaint. The court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).[2]

---

[2]Ronwin relies on a number of cases that indicate that motions to dismiss for failure to state a claim are disfavored. Although courts continue to accept all allegations in a complaint as true and view all of those allegations in the light most favorable to the plaintiff, the Supreme Court has affirmatively indicated that if the facts alleged are insufficient to establish that the plaintiff is entitled to relief, a motion to dismiss should be granted. Twombly, 127 S. Ct. at 1966.

1.    <u>Ronwin's Claim Against Stoner</u>

Ronwin asserts that he has stated a claim against Stoner in Count I of his complaint, captioned Intentional and Unlawful Interference with Business Relations.[3]  Based upon the allegations in the complaint and Ronwin's memorandum in opposition to Stoner's motion to dismiss, I will interpret this claim as a claim for tortious interference with a business relationship or expectancy.  Ronwin's complaint fails to state a claim against Stoner.

Under Missouri law, a claim of tortious interference with a contract or business expectancy requires proof of: "(1) a contract or business expectancy; (2) defendant's knowledge of the contract or relationship, (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages."  <u>Nazeri v. Missouri Valley College</u>, 860 S.W.2d 303, 316 (Mo. 1993).  Ronwin's complaint fails to allege any grounds to support the absence of justification element.[4]

---

[3]Although Ronwin has incorporated the allegations contained in Court I in his other allegations, Counts II and III do not appear to be addressed to Stoner.  Additionally, Ronwin's response to Stoner's motion only raises arguments concerning Count I of the complaint.  As a result, I will only address Ronwin's claims against Stoner in Count I.

[4]Based on the allegations in the complaint, Ronwin probably also cannot establish that he had a valid business expectancy under Missouri law because he has not alleged that he had a legally recognized expectancy in that he would have sold the property.  <u>See</u> <u>A.L. Huber & Son, Inc. v. Jim Robertson Plumbing, Inc.</u>, 760 S.W.2d 496, 499 (Mo. Ct. App. 1988).

"Absence of justification is the absence of any legal right on the part of the defendant to take the actions about which a plaintiff complains." <u>Baldwin Properties, Inc. v. Sharp</u>, 949 S.W.2d 952, 956 (Mo. Ct. App. 1997) (quoting <u>SSM Health Care, Inc. v. Deen</u>, 890 S.W.2d 343, 346 (Mo. Ct. App. 1994)).  Under Missouri law, unless an improper means is used, defendants are justified in interfering with a contract or business expectancy if they have "an unqualified legal right to do the action of which the petition complains." <u>Sharp</u>, 949 S.W.2d at 957 (quoting <u>Macke Laundry Serv. Ltd. P'ship v. Jetz Serv. Co., Inc.</u>, 931 S.W.2d 166, 181 (Mo. Ct. App. 1996)).  Means are improper if they are independently wrongful, meaning that they include "threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law." <u>Id.</u> at 957.

Ronwin is required to plead facts tending to show that Stoner committed some independently wrongful act in the process of exercising his constitutionally protected right to free speech. <u>See</u> <u>Nazeri</u>, 860 S.W.2d at 317.  Ronwin's only allegations regarding Stoner are that Stoner went to Ronwin's property with a prospective purchaser and that Stoner told the prospective purchaser that he "was against all excavations at the lake."  Ronwin's opposition brief states that Stoner acted in his individual capacity, and not in his official capacity as an employee of

the Missouri Department of Conservation, when he made this statement.

Stoner's actions were not independently wrongful. Ronwin has not alleged any facts that would allow me to find that Stoner's statement was defamatory or a misrepresentation of fact. Under Missouri law, defamatory statements and misrepresentations of fact must be false. See Ribaudo v. Bauer, 982 S.W.2d 701, 704 (Mo. Ct. App. 1998) and CADCO, Inc. v. Fleetwood Enter., Inc., 220 S.W.3d 426, 438 (Mo. Ct. App. 2007). Nowhere in his complaint does Ronwin allege that Stoner was not "against all excavations of the like." Additionally, Ronwin's allegations concerning Stoner do not allege threats, violence, trespass, restraint of trade, or any other wrongful act. As a result, Stoner is entitled to dismissal in this case.

### 2. Ronwin's Claim Against Ameren Corporation

Ameren Corporation argues that Ronwin has failed to state a claim against it and that it is entitled to dismissal. I disagree. Ameren Corporation correctly notes that Ronwin has not pleaded facts that would entitle him to pierce the corporate veil and hold Ameren Corporation liable for the actions of UE. Missouri courts use a two prong test in determining whether the corporate veil should be pierced. Saidawi v. Giovanni's Little Place, Inc., 987 S.W.2d 501, 505 (Mo. Ct. App. 1999). While Ronwin has pleaded facts necessary to meet the first part of the test,

that Ameren Corporation has dominated or controlled UE, he has not stated any facts that would meet the second part of the test, that "the corporate cloak was used as a subterfuge to defeat public convenience, to justify a wrong, or to perpetrate a fraud." Id. Without any factual allegations relating to the second prong, Ronwin's allegations are insufficient to pierce the corporate veil. See Maurice Sunderland Architecture, Inc. v. Simon, 1994 WL 1091851, at *2 (D. Minn. April 6, 1994).

Still, Ronwin has alleged that Ameren Corporation is the employer of defendants Green and Vance. Ronwin seeks to hold Ameren Corporation liable for the actions of Green and Vance. While it may be true that Ameren Corporation does not have any employees and does not control the activities or enforce regulations with respect to the Lake of the Ozarks, I must accept Ronwin's allegations as true. Ameren Corporation certainly may file for summary judgment with regard to the employment status of Green and Vance, but I cannot grant a motion to dismiss on this basis. Therefore, I will deny Ameren's motion to dismiss.

III.    Count III

Defendants Ameren Corporation, UE, Green and Vance seek dismissal of Count III of Ronwin's complaint. In this count, Ronwin seeks damages and a

declaration that current Federal Energy Regulatory Commission regulations are unconstitutional or that the current manner of enforcement of those regulations is unconstitutional. A reading of Ronwin's complaint does not reveal on what legal basis this claim is brought or even which FERC regulations are at issue.

While it is possible that Ronwin has brought this claim under the equal protection or due process clause of the Fifth Amendment, it is not clear from the complaint whether this is actually what Ronwin is claiming. He appears to present a facial challenge to FERC regulations but has not provided any citation to which regulations are at issue. The regulations promulgated by the Federal Energy Regulatory Commission can be found in 18 C.F.R. §§ 1.101-390.4. It is impossible to determine which of these hundreds of regulations Ronwin is challenging.

At this point, it is clear that Ronwin is not bringing this claim under 42 U.S.C. § 1983 nor is he bringing a claim under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In the complaint, Ronwin refers to the Federal Power Act, § 4(e) and § 10(a)(1), as amended 16 U.S.C. § 797(e) and 16 U.S.C. § 803(a)(1) respectively. Neither of these cited sections of the U.S. Code provide a cause of action in this case. In his opposition memorandum, the only reference Ronwin makes to federal law is 28 U.S.C. §

1331, the statute which gives me jurisdiction to hear cases arising under the Constitution, laws, and treaties of the United States. Relying on the jurisdictional statute alone is insufficient to state a claim upon which relief can be granted. As a result, I will dismiss Count III for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Stoner's motion to dismiss [#40] is granted.

**IT IS FURTHER ORDERED** that the motion to dismiss of Ameren Corporation, Union Electric Company, William Jeffery Green and Bryan Vance [#37] is granted to the extent that Count III of the complaint is dismissed, but denied with regard to the dismissal of Ameren Corporation.

**IT IS FURTHER ORDERED** that plaintiff Edward Ronwin's motion for leave to file a sur-reply [#46] is granted.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2008.